UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY FRYE,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC;
PHH MORTGAGE SERVICES a/k/a
PHH SERVICES CORPORATION;
NEWREZ, LLC; and U.S. BANK, NA
AS TRUSTEE FOR 2007 GSAMP
TRUST 2007-NC1 MORTGAGE PASS
THROUGH CERTIFICATES SERIES
2007-NC1,

    Defendants.

Case No. 20-cv-11385
Hon. Matthew F. Leitman

_____/

# OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 13)

In 2006, Plaintiff Mary Frye obtained a loan to purchase a condominium, and she entered into a mortgage agreement to secure the loan. In 2020, Defendant PHH Mortgage Services ("PHH"), which at that time was the servicer for Frye's loan and mortgage, determined that Frye was in default and informed Frye that it had retained counsel to begin the process of foreclosing on the mortgage. Frye responded by filing this action against PHH and several other Defendants. She asserts the following claims against the Defendants: (1) violation of 12 CFR § 1024.35 and 12 CFR § 1024.38, two federal regulations implemented in connection with the Real

1

Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et. seq* ("RESPA"); (2) wrongful foreclosure in violation of a Michigan statute, Mich. Comp. Laws § 600.3204; (3) negligence; and (4) exemplary damages. Defendants have now filed a motion for summary judgment on all four of Frye's claims. (*See* Mot., ECF No. 13.)

For the reasons explained below, the Court will **GRANT** the motion because all of Frye's claims fail as a matter of law. First, her claim under 12 CFR § 1024.35 fails because that regulation is triggered only by a borrowers' written request for a correction of error relating to the servicing of the borrower's loan, and Frye has not presented any evidence that she ever submitted such a request. Second, her claim under 12 CFR § 1024.38 is not viable because there is no private cause of action for violations of that regulation. Third, her claim for wrongful foreclosure fails because the undisputed evidence shows that, contrary to Frye's allegations, she was in default when the foreclosure began. Finally, Frye's claim for exemplary damages fails because there is no such claim under Michigan law. Exemplary damages are a form of relief, not a cause of action. Because Frye has no viable claim, Defendants are entitled to judgment as a matter of law.

# I

## A

In 2006, Frye borrowed $109,600 (the "Loan") to purchase a condominium unit in the Golfpointe Village Condominiums at Plumbrook (the "Golfpointe Unit"). (*See* Mot., ECF No. 13. PageID.212). The Loan was secured by a mortgage against the Golfpointe Unit (the "Mortgage"). Defendant U.S. Bank, as Trustee ("U.S. Bank"), a national banking association with its main office in Ohio, is the current holder of the Mortgage. (*See* Assignments, ECF No. 13-11, PageID.331-337.)

The Mortgage and Loan were initially serviced by Litton Loan Servicing LP, but the servicing was later transferred to Defendant Ocwen Loan Servicing, LLC ("Ocwen") in September 2011. (*See* Service Transfer Letter, ECF No. 13-5, PageID.275-279). Ocwen, in turn, later merged into PHH in June 2019. (*See* Affidavit of Derrick Raleigh, ECF No. 13-6, PageID.284.) PHH now services Frye's Mortgage and Loan. (*See id.*)

## B

In January 2018, Frye filed for Chapter 13 Bankruptcy.[1] (*See* Resp., ECF No. 15, PageID.522.) A bankruptcy plan was entered in the Bankruptcy Court's

---

[1] This was the second time that Frye filed for bankruptcy protection under Chapter 13. She previously filed for bankruptcy under Chapter 13 in 2012. The Bankruptcy Court dismissed those proceedings due to Frye's failure to comply with the court's orders and her failure to make payments required under her bankruptcy plan. (*See* 5/3/17 Bankruptcy Court Dismissal Order, ECF No. 13-14, PageID.382.)

3

proceedings. Pursuant to that plan, Frye was required to make certain scheduled payments to the Bankruptcy Court. The Chapter 13 Trustee assigned to her case would then disburse the payments to satisfy her primary financial obligations, including her obligations under the Mortgage and the separate obligations she owed to her condominium association. (*See* Compl., ECF No. 1-2, PageID.22; *see also* Frye Deposition at 11:9-20, ECF No. 13-12, PageID.342.)

Frye initially made some of the payments required under the bankruptcy plan.[2] (*See* 2018 Bankruptcy Final Report and Account, ECF No. 13-17, PageID.393-396.) As Frye made those payments, the Chapter 13 Trustee used the funds to satisfy some of Frye's financial obligations, including her obligation to make mortgage payments. (*See id.*) More specifically, during Frye's 2018 bankruptcy, the Chapter 13 Trustee paid a total of $6,496.78 in mortgage payments on Frye's behalf, and all of those funds were applied to the balance owed under Frye's Loan and Mortgage. (*See* Raleigh Affidavit at ¶ 14, ECF No. 15-20, PageID.723.)

Due to challenging personal and family circumstances, Frye became unable to make the payments she owed under her bankruptcy plan. (*See* Bankruptcy Court Orders, ECF No. 13-16, PageID.389-391.) And because Frye failed to make those payments, the Chapter 13 Trustee was not able to pay Frye's Mortgage. The Trustee stopped making mortgage payments on Frye's behalf in May 2019, and Frye's Loan

---

[2] The payments were automatically withdrawn from Frye's paycheck.

and Mortgage went into default in June 2019. (*See* Raleigh Affidavit at ¶¶ 15-16, ECF No. 13-6, PageID.284.) PHH then sent Frye a letter informing her that her mortgage account had been referred to an attorney "to begin the foreclosure process." (*See* PHH Letter re: Foreclosure, ECF No. 1-2, PageID.82-83). But PHH did not complete the foreclosure proceedings at that time because, as described below, Frye commenced this action seeking to enjoin the proceedings.

## C

In addition to defaulting on her Loan and Mortgage, Frye also failed to pay assessments that she owed to her condominium association (the "Association"). As a result, in December 2019, the Association recorded a lien against the Golfpointe Unit to secure unpaid assessments exceeding $31,000. (*See* Sheriff's Deed, ECF No. 13-18, PageID.398-404.)  The Association then commenced foreclosure proceedings against the Golfpointe Unit. (*See id.*)  On February 28, 2020, the Association purchased the Golfpointe Unit at a Sheriff's sale. (*See id.*) The statutory redemption period expired six months later, on August 28, 2020. *See* Mich. Comp. Laws § 600.3240(8).

Frye thereafter brought a civil action in the Macomb County Circuit Court challenging the Association's foreclosure and seeking to have it set aside. She alleged that the Association had no right to foreclose because, among other things, it had "refus[ed] to apply" payments that it had received on her behalf from her

5

Chapter 13 Trustee. (*See* Compl. against Association at ¶ 10, ECF No. 13-19, PageID.409.) The state court rejected Frye's challenge to the foreclosure and granted the Association's motion for summary disposition. (*See* State Court Opinion and Order, ECF No. 13-20, PageID.415-424.) In doing so, the court explained that while Frye had highlighted what she called "contradictions and suspicions" in the Association's records, she had "produced *no evidence* showing that the Association failed to properly credit amounts received from the Bankruptcy Trustee or otherwise miscalculated the amounts due." (*Id.* at PageID.420; emphasis added.) The Michigan Court of Appeals later affirmed that ruling. *See Frye v. Golfpointe Village Condominiums at Plumbrook*, 2022 WL 726934 (Mich. Ct. App. Mar. 10, 2022). According to the Court of Appeals, "the trial court correctly found that [Frye] provided no evidence of any payments she made to [the Association] that were not attributed to her outstanding balance, nor did she provide any evidence that any of the assessments or fees [the Association] charged her were somehow improper or inaccurate." *Id.* at *5. The Court of Appeals concluded that Frye's effort to defeat the Association's motion for summary disposition on her wrongful foreclosure claim was doomed by a simple rule: "Merely claiming there is a question of fact does not make it so." *Id.* at *6.

6

**D**

On May 7, 2020 – after the Association had purchased the Golfpointe Unit at the Sherriff's sale but before the statutory redemption period expired – Frye brought this action in the Macomb County Circuit Court. (*See* Compl., ECF No. 1-2, PageID.21.) Just as she alleged in her lawsuit against the Association, she claims in her Complaint here that she "was not in default" under the Loan and Mortgage because "payments were made through the bankruptcy court," and those payments "were not applied" to her account. (*Id.* at PageID.30.) She insists that because she was not in default, there was no basis to foreclose. (*See id.*)

Frye named Ocwen, PHH, and U.S Bank as Defendants. As noted above, she asserts four claims: (1) violations of 12 CFR §1024.35 and 12 CFR §1024.38; (2) wrongful foreclosure in violation of Mich. Comp. Laws § 600.3204; (3) negligence; and 4) exemplary damages. (*See id.* at PageID.24-33.)

After a period of discovery, Defendants moved for summary judgment on May 3, 2021. (*See* Mot., ECF No. 13.) The Court held a hearing on the motion on August 23, 2022.

**II**

Defendants have moved for summary judgment under Federal Rule of Civil Procedure 56. Under that rule, a movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact." *SEC v. Sierra*

*Brokerage Servs., Inc.*, 712 F.3d 321, 326–27 (6th Cir. 2013) (quoting Fed. R. Civ. P. 56). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* But "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251–52.

Defendants have moved for summary judgment on all four counts alleged in Frye's complaint. The Court will accordingly consider each of Frye's four counts in turn.

## III

The Court begins with Frye's claim that Defendants violated two of RESPA's implementing regulations: 12 CFR § 1024.35 and 12 CFR § 1024.38. These claims both fail as a matter of law.

### A

First, Frye has failed to present any evidence – and, indeed, has not even alleged any facts showing – that Defendants violated 12 CFR § 1024.35. That regulation requires loan servicers to investigate and respond to "any written notice from the borrower that asserts an error and includes the name of the borrower,

8

information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred." 12 C.F.R. § 1024.35(a). Frye has not alleged that she sent any such notice to any of the Defendants. Her Complaint does not identify any written notice to Defendants that describes an error that Frye believed to have occurred. And she did not identify any such written notice in her deposition testimony. Moreover, she failed to produce during discovery a copy of any written notice she sent to Defendants noting an error that she believed they had made. Under these circumstances, there is no genuine dispute of material fact as to whether Frye sent a written notice triggering Defendants' duties under 12 CFR § 1024.35. Defendants are therefore entitled to summary judgment on Frye's claim under 12 CFR § 1024.35.

**2**

Second, Frye's claim for violation of 12 CFR §1024.38 fails as a matter of law because, as her counsel conceded at the hearing before the Court, that regulation "does not confer a private enforceable right of action." *Fuller v. Select Portfolio Servicing*, 2021 WL 1080561, at *11 (W.D. Mich. Mar. 2, 2021).[3]

---

[3] *See also Pacifico v. Nationstar Mortg., LLC*, 2017 WL 1213662, at *2 (E.D. Mich. Feb. 10, 2017) ("Pacifico's reliance on Section 1024.38, which sets forth reasonable policies and procedures for servicers, is without merit because violations of that section cannot support a private action."); *Ryan v. Ocwen Loan Serv.*, 2016 WL 1242433 (E.D. Mich. Mar. 30, 2016) (same).

IV

The Court next turns to Frye's claim for "wrongful foreclosure in violation of MCL § 600.3204."[4] (Compl., ECF. No. 1-2, PageID.30.). (*Id.*) This claim rests upon Frye's allegation that PHH failed to apply payments from the Chapter 13 Trustee to her Loan and Mortgage. (*See id.* ¶ 31, PageID.30.)

There is no material factual dispute on this claim. PHH has presented evidence that it applied every penny that it received from the Chapter 13 Trustee to Frye's balance, that these payments were insufficient to satisfy her obligations under her Loan and Mortgage, and that she was in default. (*See* Raleigh Affidavit at ¶¶ 12-14, ECF No. 15-20, PageID.723.) And Frye has not presented any competent evidence to the contrary. In a sworn affidavit attached to her Complaint, Frye asserted that she has "verified bankruptcy court records" confirming that additional "payments were made electronically directly from my employer to the bankruptcy court." (Frye Affidavit at ¶ 11, ECF No. 15-14, PageID.655.) But this sworn statement does not create a material factual dispute for two reasons. First (and most importantly), Frye's contention that additional payments were made "to the bankruptcy court" says nothing about whether such payments were made *to PHH*

---

[4] In relevant part, this statute provides that "a party may foreclose a mortgage by advertisement if all of the following circumstances exist: (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative…" Mich. Comp. Laws § 600.3204(1).

10

and/or were misapplied by PHH. Simply put, even if, as Frye says, she made additional payments to the Bankruptcy Court, that is not evidence that the Chapter 13 Trustee then made additional payments to PHH and that PHH then failed to apply those payments to her account. Second, Frye has not produced a single document that calls into question PHH's evidence showing that it did apply all of the funds it received from the Chapter 13 Trustee to her account and that she was nonetheless in default. In sum, while Frye has arguably raised questions concerning whether PHH's records are perfectly accurate[5], she has not presented any proof that PHH actually failed to apply payments from the Chapter 13 Trustee or that PHH wrongfully determined that she is in default under the Loan and Mortgage. Therefore, Frye's wrongful foreclosure claim fails as a matter of law.

V

The Court next turns to Frye's negligence claim. A negligence claim under Michigan law has four essential elements: (1) duty; (2) breach; (3) causation; and 4) damages. *See Schultz v. Consumers Power Co.*, 506 N.W.2d 175, 177 (Mich. 1993).

---

[5] Frye identifies what she claims are inconsistencies in PHH's records. (*See* Compl. at ¶ 12, ECF No. 1-2, PageID.22-23.) For instance, she alleges that PHH said she had an outstanding balance of $18,975.31 in April 2020 and an outstanding balance of $18,990.31 on May of 2020, and she insists that these two outstanding balances cannot be reconciled with one another. (*See id.*) But even if these outstanding balances are not perfectly accurate, Frye has not presented any evidence that she had *no* outstanding balance and therefore was not in default.

Frye's claim fails as a matter of law because she has failed to establish the first element of her claim.

Frye contends that Defendants breached duties imposed upon them by the RESPA regulations cited above: 12 CFR § 1024.35 and 12 CFR § 1024.38. But the Sixth Circuit has explained that obligations imposed by RESPA regulations cannot satisfy the duty element of a claim for negligence under Michigan law. *See Wiggins v. Ocwen Loan Servicing, LLC*, 722 F. App'x 415, 419 n.2 (6th Cir. 2018) (affirming district court decision holding that plaintiff could not satisfy the duty element of negligence claim against mortgage servicer by pointing to regulations implemented in connection with RESPA).[6] Frye has not cited any case in which a court has adopted her contention that a plaintiff may rely on RESPA regulations to satisfy the duty element of a negligence claim. Under these circumstances, the Court concludes that Frye's negligence claim fails as a matter of law.

## VI

Finally, the Court addresses Frye's claim for "exemplary damages." This claim is not viable because "exemplary damages are a form of damages and do not

---

[6] *See also Deming-Anderson v. PNC Mortg.*, 119 F.Supp.3d 635, 642 (E.D. Mich. 2015) (rejecting claim that obligations imposed by 12 CFR § 1024.38 – one of the same RESPA regulations that Frye relies on in this case – satisfied duty element of a negligence claim under Michigan law).

12

constitute a separate cause of action." *Chungag v. Wells Fargo Bank, N.A.*, 489 F. App'x 820, 826 (6th Cir. 2012).

## VII

For all of the reasons explained above, Defendants' motion for summary judgment (ECF No. 13) is **GRANTED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 16, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 16, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126